UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

U.S. DISTRICT COURT
Southern District of Georgia
Filed in Office
_____ 8:10 A M.
_____ 4-9 _____ 20 01
_____ QRuu.?
Deputy Clerk

UNITED STATES OF AMERICA, ex rel.            )
GREGORY BRITTON,                             )
                                             )
        Plaintiffs,                          )
                                             )    CIVIL ACTION
                                             )
v.                                           )
                                             )    FILE NO.:  C V 2 0 1 - 6 1
GLYNN-BRUNSWICK HOSPITAL                      )
AUTHORITY, d/b/a SOUTHEAST GEORGIA           )
REGIONAL MEDICAL CENTER                      )
                                             )
        Defendants.                          )

## COMPLAINT

COMES NOW the Relator, Gregory Britton, and files this lawsuit pursuant to the qui tam provisions of the False Claims Act, 31 U.S.C. § § 3729, 3730, and shows the Court as follows:

1.

Defendant, Glynn-Brunswick Hospital Authority, owns and operates Southeast Georgia Regional Medical Center ("the Hospital"), located in Brunswick, Glynn County, Georgia, throughout the period of time alleged herein.

2.

Relator, Gregory Britton, ("Mr. Britton") is a former employee of the Hospital, who currently resides in this District, and brings this action on behalf of the United States pursuant to the False Claims Act, 31 U.S.C. § § 3729, 3730. Mr. Britton has direct, personal knowledge of the matters alleged herein, and prior to this action disclosed the matters alleged herein to the United States.

Exhibit
Whitten  73
6-27-07  TAB
BROWN&GALLO

3

3.

This Court has jurisdiction over this action pursuant to 31 U.S.C. § 3732 and 28 U.S.C. § 1331, and venue is proper in this district pursuant to 31 U.S.C. § 3732 and 28 U.S.C. § 1391.

4.

Pursuant to the Medicare and Medicaid programs, the United States provides reimbursement to healthcare providers for medical services provided to qualified persons. Included within this reimbursement would be care and services provided to qualified persons receiving treatment at the hospital. In such situations, the Hospital would submit claims for reimbursement, for medical care and services provided to such qualified persons, while receiving treatment at the Hospital.

5.

Relator was an employee of the Hospital from the period June, 1996 through February, 1999. As part of his duties, during November and December, 1998, he participated in an audit of various patient charts and medical records and patients of the Hospital. This audit disclosed, as described in more detail below, major inadequacies in these records, which inadequacies apparently led to the Hospital receiving significant reimbursement to which it was not entitled.

6.

For instance, the audit referenced above disclosed literally hundreds of instances where claims for reimbursement would have been submitted for unnecessary laboratory tests; up-coded procedures; unnecessary medical procedures; and procedures or tests performed without appropriate authorization/signature of a physician. There were also

2

over 100 instances noted where a patient was classified as inpatient for purposes of billing, when in fact the patient was actually an outpatient. All of these discrepancies and inadequacies were noted for the period January 1, 1998 to November 30, 1998.

7.

In addition, a large number of patient charts were audited for a period of time dating as far back as June, 1996. Again, large numbers of discrepancies and inadequacies, such as the ones described above, were found.

8.

The results of this audit, including the numerous instances where false claims for reimbursement would have been submitted to the government, were brought to the attention of senior management of the Hospital. However, rather than terminating the person(s) involved in causing the false claims for reimbursement to be submitted, and bringing such false claims to the attention of the United States, the Hospital and its senior management elected to cover up the results of the audit, and the false claims uncovered therein.

9.

To date, Defendant has failed to notify the government of the submissions of scores of false claims for reimbursement, uncovered during the audit, as required by law. Instead, Defendant has continued to submit certifications that it is entitled to the reimbursement it has received, and is unaware of the receipt of reimbursement to which it was not entitled, as well as other false claims/statements in support of the receipt of reimbursement to which the Hospital was not entitled.

3

10.

The Hospital has submitted "claims," as that term is defined in the False Claims Act, 31 U.S.C. § 3729, for payment of funds of the United States.

11.

The defendant knowingly presented, or caused to be presented, to the United States Government false or fraudulent claims for payment or approval, in violation of the False Claims Act, 31 U.S.C. § 3729.

12.

The defendant knowingly made, used or caused to be made or used false records or statements in order to get false or fraudulent claims paid or approved by the United States Government, in violation of the False Claims Act, 31 U.S.C. § 3729.

13.

The United States Government has paid millions of dollars to the defendant in reliance upon the false statements, which sums would not have been paid but for the false statements made or caused to be made by the defendant, as alleged herein.

14.

Under the terms of the False Claims Act, the defendant is liable for a penalty of from $5,000 to $10,000 for each false "claim" submitted to obtain payment under the Medicare or Medicaid program, as described herein.

15.

The false statements and misrepresentations alleged herein, and the false or fraudulent claims presented to obtain payment from the United States, as alleged herein, were known by the defendant to be false, or made in reckless disregard of the

4

truth or falsity thereof, or were made in deliberate ignorance of the truth or falsity thereof.

16.

None of the allegations in this Complaint are based upon allegations or transactions which are the subject of a civil suit or administrative civil money penalty proceeding in which the United States is party.

17.

None of the allegations in this Complaint are based on a public disclosure of allegations or transactions in a criminal, civil or administrative hearing, in a congressional, administrative or Government Accounting Office report, hearing, audit or investigation, or from the news media.

18.

The Relator, Mr. Britton, has direct and independent knowledge of the information on which the allegations contained herein are based, and voluntarily provided such information to the Government before filing this lawsuit.

19.

The Relator, Mr. Britton, did not plan or initiate the False Claims Act Violations alleged herein.

WHEREFORE, Plaintiff prays as follows:

(a) that judgment be entered against the defendant, in an amount equal to three times actual damages;

(b) that the defendant be ordered to pay a civil penalty equal to between $5,000 and $10,000 for each False Claim Act violation;

5

(c) that the defendant be ordered to pay costs and all expenses, including reasonable attorneys' fees, for the prosecution of this action;

(d) that the qui tam Relator be awarded 25% of any recovery or settlement in this action if the United States intervenes, or 30% if the United States does not intervene, and as otherwise provided by law;

(e) for a trial by jury; and

(f) for any and all further relief as the Court deems just and appropriate.

This __6th__ day of April, 2001.

Respectfully submitted,

CHILIVIS, COCHRAN, LARKINS & BEVER LLP

By: _____
    J.D. Dalbey - 003150

Chilivis, Cochran, Larkins & Bever, LLP
3127 Maple Drive, NE
Atlanta, Georgia 30305
(404) 233-4171
(404) 261-2842 FAX

6