IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,        )
ex rel. GREGORY BRITTON,         )
                                 )    CIVIL ACTION NO.  CV201-61
              Plaintiffs,        )
                                 )
VS.                              )    FILED UNDER SEAL
                                 )
GLYNN-BRUNSWICK HOSPITAL         )
AUTHORITY, d/b/a SOUTHEAST       )
GEORGIA REGIONAL MEDICAL         )
CENTER                           )
                                 )
              Defendants.        )

MEMORANDUM IN SUPPORT OF THE
UNITED STATES' EX PARTE APPLICATION
FOR A PARTIAL LIFTING OF THE SEAL

For the reasons stated below, the United States respectfully requests a partial lifting of the seal in this action. The United States has been involved with an independent, non-judicial investigation involving the same defendant here which factually may overlap in time and alleged conduct with this action.  The non-judicial investigation predated the filing of this qui tam action. The United States has reached the point of settlement with the defendant on the issues in the non-judicial investigation but would like to disclose the qui tam complaint to the defendant to prevent a potentially unjust result to the defendant if it agrees to a settlement in another investigation and later learns of similar issues being brought by the qui tam relator here on behalf of the United States. Pursuant to 31 U.S.C. § 3730(b)(3), the United States respectfully requests that this Court grant a partial lifting of the seal for the limited purpose of disclosing the complaint to the defendant Glynn-Brunswick Hospital Authority, d/b/a Southeast Georgia Regional Medical Center, so that the defendant may determine whether the settlement in the related non-judicial investigation is appropriate.

Lifting the seal in this situation avoids a possible unjust result in the parallel investigation. The Justice Department urged Congress to enact the seal provisions, and in doing so, the Senate stated that:

> Keeping the qui tam complaint under seal...is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the civil action.

S. Rep. No. 99-345, 99th Cong., 2d Sess. 24, reprinted in 1986 U.S. Code Cong. & Admin. News 5266, 5289. The Government has determined that it will be beneficial to the prosecution of this action to discuss the existence of the related qui tam complaint with the defendant and counsel, and the seal, which was enacted for the Government's benefit, should not preclude such contact.

## Conclusion

For the foregoing reasons, the United States respectfully requests that the seal be partially lifted so that the Government may disclose the complaint in this qui tam action to the Glynn-Brunswick Hospital Authority, d/b/a Southeast Georgia Regional Medical Center and its counsel. A proposed order is provided for the Court's convenience.

Respectfully submitted,

RICHARD S. THOMPSON
UNITED STATES ATTORNEY

James L. Coursey, Jr.
Assistant United States Attorney
Georgia Bar No. 190602

P.O. Box 8970
Savannah, Georgia 31412
(912) 652-4422