IN THE DISTRICT COURT OF THE UNITED STATES
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel., TED WHITTEN, (Relator) | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. CV202-189 |
| QUORUM HEALTH GROUP, INC., TRIAD HOSPITAL, INC., As Successor to QUORUM HEALTH GROUP, INC., QUORUM HEALTH RESOURCES, INC., and QUORUM HEALTH RESOURCES, LLC, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## RELATOR TED WHITTEN'S RESPONSES TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO RELATOR TED WHITTEN

COMES NOW Relator Ted Whitten, in the above-referenced case and responds to Defendants' First Request for Production of Documents and Things to Relator Ted Whitten as follows:

### PREAMBLE

Relator objects to each of the "Definitions" preceding Defendants' Request for Production of Documents to Relator upon the grounds that said definitions seek to place a burden upon the Relator outside the scope of discovery permitted by the Federal Rules of Civil Procedure; render Defendants' request for production of documents so broad and burdensome as to be unanswerable, and seek to require Relator to provide information

1

and supplemental information not contemplated by the Federal Rules of Civil Procedure.  Further, said "Definitions" are so broad and all inclusive as to require the Relator to produce matters that are protected as the work product of Relator's attorneys, matters prepared in anticipation of litigation or preparation for trial, and confidential communications between attorney and client. These objections are to Defendants' introductory "Definitions" preceding the numbered Request for Production as well as the inclusion of Defendants' "Definitions" set forth in any numbered Request for Production. Relator will respond to said request for production of documents without reference to Defendants' "Definitions", and giving words and phrases their ordinary meaning in the English language.

Relator objects to Defendants' Request for Production Numbers One through forty-five, and each of them individually, insofar as said Requests for Production would require Relator to produce documents that are protected from discovery as attorneys' work product, matters prepared in anticipation of litigation or preparation for trial, or confidential communications between attorney and client.  Relator further objects to said Request for Production insofar as the same would require the disclosure of experts retained or consulted, but who have not been named as experts expected to be used in the trial of the case, as the disclosure of such experts identity or matters relating to the

2

work of such experts is not required to be disclosed under the Federal Rules of Civil Procedure or otherwise under the law. Relator further objects to said request for production insofar as the same would require the production of any statements obtained by Relator or his attorneys in the preparation of this matter, as such are matters prepared in anticipation of litigation or preparation for trial or otherwise the work product of Relator's attorneys. Relator's attorneys have no written statement taken from any potential witness, but if such should be taken in the future, such statements would be work product not subject to discovery. Relator's attorneys have memos made in connection with the interview of potential witnesses and also with Relator which contain their mental impressions and are work product not subject to disclosure or are confidential communications between attorney and client. Without waiving any of the above objections, Relator shows that the documents numbered 1 through 1874 and documents 1966 through 1980 are being produced in response to Defendants' Requests for Production.

Relator will also produce copies of electronic files other than those documents protected from discovery pursuant to said objections, as well as a Privilege Log relating to such portions of said files as are not produced due to a privilege claim.

**Request No. 1**: All documents identified in response to Defendants' First Set of Interrogatories to Relator Ted Whitten.

3

*RESPONSE TO REQUEST FOR PRODUCTION NO. 1*

Relator objects to Request No. 1 as Relator is not sure what is meant by the Request.  If a document has been referred to in a specific response to Defendants' First set of Interrogatories, that document is included within the production of documents Bates-stamped 1 through 1874 and Bates-stamped documents 1966 through 1980.  If the Request is asking what documents were referred to in answering the first set of Interrogatories, those documents are set forth as attachments to the Statement of Facts filed with the Complaint and as further attached to the first set of Interrogatories.  Please see Exhibits 1 through 53 attached to Exhibit "A" further attached to the Complaint originally filed in this case and Exhibits "54" through "55" that are attached to the Responses to Interrogatories served contemporaneously herewith. Additionally, Defendants are referred to Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980 produced pursuant to Defendants' First Request for Production of Documents.  Relator shows that a privilege log is being served with the responses to these requests for production of documents. Relator further objects to said Request for Production of Documents insofar as the same would require the production of Relator's attorneys' work product, matter prepared in anticipation of litigation or preparation for trial, and confidential communications between attorney and client.

4

**Request No. 2**: All documents related to any of the allegations in the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 2*

Responding to Request for Production of Documents No. 2, Relator has previously produced Exhibit "A" to the Stipulation of Facts containing Exhibits "1" through "53" and Exhibits "54" through "55" attached to Relator's Response to Defendants' First Interrogatories. Further, Relator is producing herewith Bates-stamped pages 1 through 1874, and Bates-stamped documents 1966 through 1980. As Defendants are aware, there is outstanding discovery to Defendants as well as non-parties and it is the expectation of Relator that there will be multiple pages of documents produced in response to those Requests that may become material to this case. Relator otherwise objects to the breadth of Request No. 2 insofar as it calls for "all documents related to any of the allegations in the Complaint." It is impossible for Relator to know that it will ever have all of the documents related to any of the allegations in the Complaint. Relator does not have control of non-parties upon whom discovery has been served nor upon the Defendants and will never be able to state that all documents related to any of the allegations in the Complaint have been secured or produced.

**Request No. 3**: All documents evincing statements taken by Relator or on Relator's behalf from any Person relating or referring to the allegations in the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 3*

Relator objects to Request No. 3 upon each of the following grounds:

Said Request is so broad in scope as to require the disclosure of Relator's attorneys' work product and statements obtained in anticipation of litigation and preparation for trial. Said Request is so broad in scope as to require the disclosure of statements containing the mental impressions, opinions and conclusions of the Relator or representatives of the Relator and the disclosure of such information is not required by the Georgia Civil Practice Act.

Said Request is so broad in scope as to require the disclosure of communications which are privileged and confidential as protected by the attorney/client relationship.

Relator objects to said Request insofar as the same would require the discovery of experts who have been consulted and may not be expected to be used as witnesses in the trial of the case upon the grounds that such requested discovery is outside the scope of discovery required by the Federal Rules of Civil Procedure and Rule 26 thereof relating to discovery of experts.

6

Said Request would require the production of materials privileged and confidential as a matter of law.

Subject to and without waiving said objections, Relator has no statements taken from witnesses in this case.  Relator does have a statement made to Relator's attorneys in preparation for litigation and said statement is attorney-client privileged and work product and, therefore, objected to in terms of production.

**Request No. 4**: All documents related to communications between Relator and SGRMC, CMC, Hospital Authority, or any of the Defendants, or any person employed or formerly employed by these entities, for the period 1993 to the present.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 4*

Relator makes reference and incorporates herein his response to Interrogatory No. 11 served contemporaneously herewith. During the period 1993 through 2005, Relator has had multiple communications in various forms with employees, former employees and staff members of Southeast Georgia Regional Medical Center and Camden Medical Center, employees of the Defendants, members of the Hospital Authority which have no relevance to the subject matter of this civil action nor are they calculated to lead to the discovery of relevant evidence in this civil action.  Relator objects to producing any such matters.  Relator will respond to Request No. 4 insofar as the  same relates to communications which are relevant to this civil action or which might lead to the

7

production of relevant evidence. Defendants are referred to the Statement of Facts with attached exhibits, the exhibits attached to responses to Defendants' First Interrogatories to Relator, Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980.

**Request No. 5**: All documents related to any false claims allegedly submitted or caused to be submitted to the Government by SGRMC, CMC, Hospital Authority or any of the Defendants in violation of the False Claims Act.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 5*

Responding to Request for Production No. 5, Relator has served discovery documents upon non-parties as well as the Defendants in this matter. Relator has not yet had responses from non-parties nor does it have adequate disclosure from the Defendants. It is anticipated that when proper discovery is made in regard to those outstanding requests, that there will be multiple documents responsive to this Request and such will be supplemented appropriately. Relator produces herewith in addition to Exhibit "A" with its attachments to the Complaint, the Exhibits attached to responses to Interrogatories, Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980. As an example of documents that would be related to false claims, Defendants are referred to Bates-stamped documents 1818 through 1825.

8

**Request No. 6**: All documents identified in response to your answer to Interrogatory No. 6.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 6*

In responding to Request for Production No. 6, Relator is producing herewith Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980. Relator has previously produced Exhibit "A" with its attachments to the Complaint, as well as Exhibits 54 and 55 attached to Interrogatories.

**Request No. 7**: All documents related to your answer to Interrogatory No. 7.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 7*

Responding to Request for Production No. 7, Relator incorporates herein by reference his response to Interrogatory No. 7 and the objections thereto. As further response to Request No. 7, Relator provided to the Government the Statement of Facts, Exhibit "A" with attachments to the Statement of Facts and Relator was interviewed by the government.

**Request No. 8**: All documents related to your answer to Interrogatory No. 8.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 8*

Responding to Request for Production of Documents No. 8, Relator incorporates herein by reference his response and objections to Interrogatory No. 8. Relator produced Exhibit "55" to the Interrogatories in response to that Interrogatory.

9

**Request No. 9**: All documents related to your answer to Interrogatory No. 9.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 9*

Responding to Request for Production of Documents No. 9, Relator incorporates herein by reference his response and objections to Interrogatory No. 9.  Relator produced Exhibit "55" in response to Interrogatory No. 9.

**Request No. 10**: All documents related to your answer to Interrogatory No. 11.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 10*

Responding to Request for Production of Documents No. 10, Relator incorporates herein by reference his objections and response to Request for Production No. 4.

**Request No. 11**: All documents related to your answer to Interrogatory No. 12.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 11*

Responding to Request for Production of Documents No. 11, Relator incorporates herein by reference his contemporaneously filed response to Interrogatory No. 12.  Certain of those Exhibits have been previously furnished to Defendants in pleadings identified in the Response to Interrogatories.  Relator refers Defendants to Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980.

**Request No. 12**: All documents related to your answer to Interrogatory No. 13, including any documents related to any settlement between the Government and SGRMC, CMC or Hospital Authority involving submission of claims to Medicare, Champus, TriCare or any other Government program.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 12*

Responding to Request No. 12, Relator incorporates herein his response to Interrogatory No. 13.  Relator does not have settlement documents between the Government and any other entity relating to any issues in his Amended Complaint.

**Request No. 13**: All documents related to Relator's allegations in Paragraphs 10 and 18 of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 13*

Responding to Request for Production of Documents No. 13, Relator incorporates herein by reference his responses and objections to Interrogatory No. 12 filed contemporaneously herewith.  Certain of those Exhibits have been previously furnished to Defendants in pleadings identified in responses to Interrogatories.  Relator refers Defendants to documents referred to in Response to Interrogatory No. 12 as well as Bates-stamped Exhibits 1 through 1874 and Bates-stamped documents 1966 through 1980.

**Request No. 14**: All audio or video recordings related to any allegation described in the Complaint.

11

*RESPONSE TO REQUEST FOR PRODUCTION NO. 14*

Responding to Request for Production of Documents No. 14, Relator has no audio or video recordings related to any allegations described in the Complaint.

**Request No. 15**: All documents related to billing procedures or policies of SGRMC, CMC, Hospital Authority or any of the Defendants for the period 1993 to the present.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 15*

Responding to Request for Production of Documents No. 15, Relator produces herewith Bates-stamped documents 1 through 1874 and Bates-stamped documents 1966 through 1980.  Relator has previously produced Exhibit "A" to the Complaint.  Further responding to Request for Production of Documents No. 15, Relator has served discovery documents upon non-parties as well as the Defendants in this matter.  Relator has not yet had responses from non-parties nor does it have adequate disclosure from the Defendants.  It is anticipated that when proper discovery is made in regard to those outstanding requests, that there will be multiple documents responsive to this Request and such will be supplemented appropriately.

**Request No. 16**: All documents related to any claims for payments submitted or caused to be submitted by SGRMC, CMC, Hospital Authority or any of the Defendants to the Government for

12

reusable equipment, supplies, and routine services which Relator contends were false or fraudulent as alleged in Paragraphs 30 and 32(b) of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 16*

Responding to Request for Production of Documents No. 16, Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 16.  Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 16.  Relator refers Defendants to Bates-stamped documents 1 through 1874 and Bates-stamped documents 1966 through 1980 as well as Exhibit "A" to the Complaint and the documents attached thereto.  Those documents already produced or which are being produced in response to this Request set forth schemes of false billings.

**Request No. 17**: All documents related to any claims for payments submitted or caused to be submitted by SGRMC, CMC, Hospital Authority or any of the Defendants to the Government for charges in the Observation Area which Relator contends were false or fraudulent as alleged in Paragraph 31 of the Complaint.

13

*RESPONSE TO REQUEST FOR PRODUCTION NO. 17*

Responding to Request for Production of Documents No. 17, Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 17. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 17. Relator refers Defendants to Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980, as well as Exhibit "A" to the Complaint and the documents attached thereto. Those documents already produced or which are being produced in response to this Request set forth schemes of false billings.

**Request No. 18**: All documents related to any claims for payments submitted or caused to be submitted by SGRMC, CMC, Hospital Authority or any of the Defendants to the Government for labor and delivery charges which Relator contends were false or fraudulent as alleged in Paragraph 32(a) of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 18*

Responding to Request for Production of Documents No. 18, Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon

14

examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 18. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 18. Relator refers Defendants to Bates-stamped documents 1 through 1874 and Bates-stamped documents 1966 through 1980 as well as Exhibit "A" to the Complaint and the documents attached thereto. Those documents already produced or which are being produced in response to this Request set forth schemes of false billings.

**Request No. 19**: All documents related to any claims for payments submitted or caused to be submitted by SGRMC, CMC, Hospital Authority or any of the Defendants to the Government for procedures at CMC where there was an alleged failure to obtain physician orders prior to procedures as required by law which Relator contends were false or fraudulent as alleged in Paragraph 32(c) of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 19*

Responding to Request for Production of Documents No. 19, Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 19. Relator

has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 19.   Relator refers Defendants to Bates-stamped documents 1 through 1874 , and Bates-stamped documents 1966 through 1980 as well as Exhibit "A" to the Complaint and the documents attached thereto.   Those documents already produced or which are being produced in response to this Request set forth schemes of false billings.

**Request No. 20**: All documents related to any claims for payments submitted or caused to be submitted by SGRMC, CMC, Hospital Authority or any of the Defendants to the Government where requirements of establishing medical necessity were not followed at CMC which Relator contends were false or fraudulent as alleged in Paragraph 32(c) of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 20*

Responding to Request for Production of Documents No. 20, Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 20.   Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to

16

Complaint and the documents attached thereto. Those documents already produced or which are being produced in response to this Request set forth schemes of false billings.

**Request No. 22**: All documents related to any claims for payments submitted or caused to be submitted by SGRMC, CMC, Hospital Authority or any of the Defendants to the Government for cardiac rehabilitation services which Relator contends were false or fraudulent as alleged in Paragraph 33 of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 22*

Responding to Request for Production of Documents No. 22, Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 22. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 22. Relator refers Defendants to Bates-stamped documents 1 through and Bates-stamped documents 1966 through 1980 as well as Exhibit "A" to the Complaint and the documents attached thereto. Those documents already produced or which are being produced in response to this Request set forth schemes of false billings.

18

**Request No. 23**: All documents related to any claims for payments submitted or caused to be submitted by SGRMC, CMC, Hospital Authority or any of the Defendants to the Government for outpatient dialysis at SGRMC which Relator contends were false or fraudulent as alleged in Paragraph 34 of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 23*

Responding to Request No. 23, Relator states that by the Order of Judge A.A. Alaimo dated November 16, 2004, Relator was not allowed to go forward with claims concerning outpatient dialysis. Therefore, any documents related thereto would not be relevant to any issue in this civil action and Relator objects to production of any documents related to such.

**Request No. 24**: All documents related to any claims for payments submitted or caused to be submitted by SGRMC, CMC, Hospital Authority or any of the Defendants to the Government for mental health services at SGRMC which Relator contends were false or fraudulent as alleged in Paragraph 35 of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 24*

Responding to Request for Production of Documents No. 24, Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 24. Relator has also served discovery requests upon Defendants which have not

19

yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 24.   Relator refers Defendants to Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980 as well as Exhibit "A" to the Complaint and the documents attached thereto.   Those documents already produced or which are being produced in response to this Request set forth schemes of false billings.

**Request No. 25**: All documents related to any meeting of the Glynn County Board of Commissioners or the Brunswick County Board of Commissioners in which any issues related to Relator, SGRMC, CMC, Hospital Authority, or Defendants were raised.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 25*

Responding to Request for Production No. 25, Relator has previously produced Exhibit "A" with attachments to the Complaint and is producing herewith Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980. Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 25.   Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 25.

20

**Request No. 26**: All documents Relator relies upon for his damage calculations, including, but not limited to, any reviews, samplings, calculations, quantifications, or analyses of those damages calculations.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 26*

Responding to Request for Production No. 26, Relator does not have all documents upon which he will rely for damage calculations. Certain of the documents are contained within Exhibit "A" to the Complaint with its attachments as well as Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980. Relator has outstanding discovery against non-parties as well as the Defendants which upon production and analysis by Relator, Relator's counsel, and experts are anticipated to further define damage calculations. Defendants are responsible under the False Claims Act for a penalty for each false claim submission and it is Relator's belief that thousands of claim documents, including but not limited to, UB 92's were caused to be submitted by the Defendants.

**Request No. 27**: All documents related to any investigation by the Government of SGRMC, CMC, Hospital Authority or Defendants.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 27*

Relator objects to Request No. 27 upon each of the following grounds:

21

Said Request is so broad in scope as to require the disclosure of Relator's attorneys' work product and statements obtained in anticipation of litigation and preparation for trial. Said Request is so broad in scope as to require the disclosure of statements containing the mental impressions, opinions and conclusions of the Relator or representatives of the Relator and the disclosure of such information is not required by the Georgia Civil Practice Act.

Said Request is so broad in scope as to require the disclosure of communications which are privileged and confidential as protected by the attorney/client relationship.

Relator objects to said Request insofar as the same would require the discovery of experts who have been consulted and may not be expected to be used as witnesses in the trial of the case upon the grounds that such requested discovery is outside the scope of discovery required by the Federal Rules of Civil Procedure and Rule 26 thereof relating to discovery of experts.

Said Request would require the production of materials privileged and confidential as a matter of law.

Further, Relator shows that investigation is ongoing. This Request will be supplemented as required at the appropriate time.

**Request No. 28:** All documents set out, described by, or referred to by Paragraph 6 of the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 28*

Responding to Request for Production No. 28, Relator provided to the United States Government a Statement of Facts with Exhibits attached thereto which Statement of Facts was attached to the Complaint in this civil action as well as the attached exhibits.

**Request No. 29**: All documents that Relator or Relator's counsel received from or submitted to the Government related to any of the allegedly fraudulent activities described in the Complaint, including but not limited to the "written disclosure of substantially all materials evidence and information" required by 31 U.S.C. § 3730(b)(2), and all correspondence to and from the United States Attorney's Office or the Department of Justice.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 29*

Please see Response to Request for Production No. 28 which is incorporated herein by reference. Further, Relator objects to Request No. 29, upon each of the following grounds: Said Request is so broad in scope as to require the disclosure of Relator's attorneys work product. Said Request is so broad as to require the disclosure of statements containing the mental impressions, opinions and conclusions of the Relator or representatives of the Relator and the disclosure of such information is not required by the Federal Rules of Civil Procedure and said Request is so broad in scope as to require the

23

disclosure of communications which are privileged and confidential and protected by the attorney-client relationship.

**Request No. 30:** All documents related to any communications between Relator and any employee of any Defendant regarding SGRMC's, CMC's or Hospital Authority's compliance with any federal law or regulation.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 30*

Responding to Request for Production No. 30, Relator is producing herewith Bates-stamped Exhibits 1 through 1874, and Bates-stamped documents 1966 through 1980. Relator has previously produced Exhibit "A" with its attachments which was provided with the Complaint filed in this civil action.

Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 30. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 30.

**Request No. 31:** All documents related to the employment of Relator while at SGRMC, CMC or Hospital Authority, including, but not limited to, salaries, bonuses, performance reviews, job

24

descriptions and duties, employment contracts and any documents related to his termination or resignation.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 31*

Responding to Request for Production No. 31, Relator did not have a written contract or agreement with Southeast Georgia Regional Medical Center. Relator is producing herewith Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980 which relate to performance reviews, job descriptions, and duties.    Defendants are referred to Response to Interrogatory No. 8 of Defendants' First Interrogatories to Relator which response and objections are incorporated herein by reference.

Relator is producing herewith Bates numbered documents 1826 through 1874 which are specifically job related.

Further responding to Request No. 31, Relator objects upon the grounds that said Request is so over-broad, over-reaching, and all inclusive as to seek information which is neither relevant to the subject matter of this civil action nor calculated to lead to the discovery of relevant evidence.    Relator further shows that said Request does not limit itself in terms of time.    Further responding to Request No. 31, Relator was employed at SEGRMC for over 20 years.

**Request No. 32**: All versions of your resume or CV.

25

*RESPONSE TO REQUEST FOR PRODUCTION NO. 32*

Responding to Request for Production No. 32, Relator doe not have a prepared resume or VA.

**Request No. 33**: All documents related to any compliance program carried out, initiated, devised or designed by Relator at SGRMC, CMC or Hospital Authority, while Relator served as Compliance Officer.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 33*

Responding to Request for Production No. 33, Relator is producing herewith Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980. Relator has previously produced Exhibit "A" with attachments thereto to the Complaint.

Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 33. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 33.

**Request No. 34**: All documents related to any compliance programs or compliance activities at SGRMC, CMC or Hospital Authority, including, but not limited to, plans, handbooks, policy manuals, pamphlets, and videos for the period 1993 to the present.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 34*

Responding to Request for Production No. 34, Relator is producing herewith Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980. Relator has previously produced Exhibit "A" with attachments thereto to the Complaint. Relator has no videos.

Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 34. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 34.

**Request No. 35**: All documents received by Relator from any person employed by SGRMC, CMC, Hospital Authority or any of the Defendants after Relator left his employment with SGRMC, CMC or Hospital Authority.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 35*

Responding to Request for Production of Documents No. 35, Relator is producing herewith Bates numbered pages 1966 through 1980 which were received after Relator's employment with SEGRMC.

**Request No. 36**: All documents evidencing, reflecting or referring to Medicare Bulletin 1836.

27

*RESPONSE TO REQUEST FOR PRODUCTION NO. 36*

Responding to Request for Production No. 36, Relator has produced herewith Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980.  Relator has previously produced Exhibit "A" with attachments thereto to the Complaint.

Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 36.  Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 36.

**Request No. 37**: All documents related to the Chargemaster at SGRMC, CMC or Hospital Authority for the period 1993 to the present.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 37*

Responding to Request for Production No. 37, Relator is producing herewith Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980.  Relator has previously provided Exhibit "A" with attachments thereto to the Complaint.

Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate

28

matters as set forth in Request for Production No. 37. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 37.

**Request No. 38**: All documents related to any compliance audits or reviews conducted at SGRMC, CMC or Hospital Authority for the period 1993 to the present, including, but not limited to audits conducted by Professional Providers Services, Inc. and Quadramed.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 38*

Responding to Request for Production No. 38, Relator has previously produced to Defendants the audit performed by Professional Provider Services, Inc. Relator has requested from the Defendants as well as non-parties the audits performed by Quadramed and other, but those have not been produced to Relator as of this time.

**Request No. 39**: All documents evidencing, reflecting or referring to a focused medical review by the Government or any other audit, review or investigation, at SGRMC, CMC or Hospital Authority for the period 1993 to the present.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 39*

Responding to Request for Production No. 39, Defendants are referred to audit performed by Professional Provider Services, Inc. previously provided to Defendants, as well as Exhibit "A" to

29

the Complaint with its attachments and Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980.

Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 39. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 39. Relator has requested from the Defendants as well as non-parties the audits performed by Quadramed and other but those have not been produced to Relator as of this time.

**Request No. 40**: All documents related to any accreditation or licensing agency, including, but not limited to, the Joint Commission for the Accreditation of Hospital Organizations, the Georgia Department of Human Resources, Office of Regulatory Services, and the Georgia Department of Community Health, and also related to SGRMC, CMC or Hospital Authority, for the period 1993 to the present.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 40*

Responding to Request for Production No. 40, Relator produces herewith Bates-stamped documents 1 through 1874 , and Bates-stamped documents 1966 through 1980.

30

Relator has served Requests for Production of Documents upon non-parties which he expects to produce documents that upon examination by Relator and Relator's experts will delineate matters as set forth in Request for Production No. 40. Relator has also served discovery requests upon Defendants which have not yet been fully responded to and after appropriate responses it is expected those will further produce documents responsive to Request for Production No. 40. Relator objects to same as overly broad in scope and impossible to answer. There is no limitation upon scope of said Request.

**Request No. 41**: All documents related to SGRMC's, CMC's and Hospital Authority's compliance with the Center for Medicaid and Medicare Service's Conditions of Participation for the period 1993 to the present.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 41*

Responding to Request for Production No. 41, Relator objects to same as overly broad in scope and impossible to answer. There is no limitation upon scope of said Request. Relator has requested certain Condition of Participation of documents from parties and non-parties which most likely will produce information relevant to this request.

**Request No. 42**: All documents prepared by any expert that you intend to, or reserve the right to, call to testify at any evidentiary hearing or at trial or from whom you intend to or

31

reserve the right to submit an affidavit in support of any claim or allegation made in the Complaint.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 42*

Responding to Request for Production No. 42, Relator objects to Defendants' Request for Production No 42 upon the grounds that the same seeks discovery relating to experts consulted or retained and who are not expected to be used as witnesses in the trial of the case and as such, requests information beyond that authorized by the Federal Rules of Civil Procedure and specifically Rule 26 thereof. Said Rule does not require a party to disclose experts who have been consulted or retained and who have not yet been designated to be used as witnesses.

Further, insofar as the same seeks discovery of matters prepared in anticipation of litigation or preparation for trial, the same seeks discovery beyond that authorized by the Federal Rules of Civil Procedure, and there has been no substantial need shown for the discovery or production of any such matters.

Furthermore, insofar as the same seeks discovery of matters which would contain mental impressions, or opinions or conclusions of Defendants or representatives of the Defendants, or is reflective of confidential communications between attorney and client, defendant objects to the same upon the grounds that it seeks discovery beyond that authorized by the Federal Rules of Civil Procedure and by Law.

32

**Request No. 43**: All documents maintained by Relator regarding any purported improprieties committed by Hospital Authority, SGRMC, CMC or any Defendant, or any of these entities' employees.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 43*

Responding to Request for Production No. 43, Relator has previously produced Exhibit "A" to the Complaint with attachments, attachments to First Interrogatories, and is producing herewith Bates-stamped documents 1 through 1874, and Bates-stamped documents 1966 through 1980.  It is anticipated that there will be further documents Relator will secure from outstanding discovery to both the Defendants and non-parties in this case.

**Request No. 44**: All documents received in response to any subpoena or other request made by Relator to any non-party to this action.

*RESPONSE TO REQUEST FOR PRODUCTION NO. 44*

Responding to Request No. 44, Relator has received no discovery responses from any non-party at this time.  Relator does not know what documents it will receive and therefore objects to the breadth and burdensomeness of this request.  Further, not knowing what documents will be received, Relator does not know if there are objections on the basis of attorney-client privilege, work product privilege or other privilege which may be asserted in regard to said Request.  When Relator receives documents pursuant to a request made to non-parties, Relator will further respond to

33

this Request and reserves the right to make appropriate objections depending upon the nature of the documents.

**Request No. 45**: All documents not otherwise requested herein which the Relator may introduce into evidence at trial or at any deposition in this matter.

<em>RESPONSE TO REQUEST FOR PRODUCTION NO. 45</em>

Responding to Request for Production No. 45, Relator objects to same in that it is not required at this point in time to tell Defendants what documents he will introduce into evidence. At such time as the Court directs in pretrial proceedings that any such designation must be made, Relator will comply with the direction of the Court.

Further, Relator objects to Request for Production No. 45 upon each of the following grounds:

Said Request is so broad in scope as to require the disclosure of Relator's' attorneys' work product and is so broad as to require the disclosure of Relataor's attorneys mental impressions, opinions and conclusions.

ATTORNEYS FOR PLAINTIFF

BLASINGAME, BURCH, GARRARD
BRYANT & ASHLEY, P.C.

By:
GARY B. BLASINGAME
GEORGIA BAR NO. 063900
HENRY G. GARRARD, III
GEORGIA BAR NO. 286300

34

J. RALPH BEAIRD
GEORGIA BAR NO. 043800

P.O. BOX 832
ATHENS, GEORGIA 30603
(706) 354-4000


JORDAN, BRISTOL & MOSES

By:_____
RANDALL A. JORDAN
GEORGIA BAR NO. 404975

1804 FREDERICA ROAD
SUITE C
ST. SIMONS ISLAND, GA 31522
(912) 638-0505

35

## CERTIFICATE OF SERVICE

The undersigned, counsel for Relator in the above matter, hereby certifies that he has this day served Defendant with a copy of the foregoing **Relator Ted Whitten's Responses to Defendants' First Set of Request for Production of Documents and Things to Relator Ted Whitten** by sending same by Federal Express Courier and otherwise by mailing same, properly stamped and addressed, to Defendants' counsel of record as follows:

James L. Coursey, Jr.
Assist. US Attorney
U.S. Dept of Justice
100 Bull Street
P. O. Box 8999
Savannah, GA 31412

ATTORNEYS FOR DEFENDANTS

Harry D. Dixon, Jr.
304 East Bay Street
Savannah, GA 31401

Gregory M. Luce
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001-2113

Michael J. McConnell
Dean A. Calloway
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309-3053

This _11_ day of April, 2005.

36